

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

08 CV 6169

HOME BOX OFFICE, INC,

    Plaintiff,

-against-

JOHN and JANE DOE, Nos. 1 through 6, and
XYZ COMPANY, Nos. 1 through 6,

    Defendants.

CIVIL ACTION NO.

**COMPLAINT**

RECEIVED
JUL 07 2008
U.S.D.C. S.D. N.Y.
CASHIERS

Plaintiff HOME BOX OFFICE, INC. ("HBO"), by its attorneys Schiff Hardin LLP, for its complaint against Defendants, alleges as follows:

## NATURE OF THE ACTION

1.     HBO seeks injunctive relief, damages, and punitive damages to remedy violations of the Trade Mark Act of 1946 (the "Lanham Act"), common law unfair and deceptive trade practices, tortious interference with HBO's business relations, and related misconduct perpetrated by Defendants.

2.     As set forth in greater detail below, Defendants used forged stationery depicting HBO's trademarks to impersonate HBO senior management and counsel in order to issue phony "cease and desist" letters and email in an attempt to thwart legitimate "Sex and the City" movie premiere events. Upon information and belief, this was done to improve the business prospects of Defendants' competing events. In doing so, Defendants infringed HBO's registered trademarks. In addition, upon information and belief, Defendants passed off their unauthorized promotions as if they were the official and sanctioned events related to the "Sex and the City" movie premiere. Defendants' conduct also impeded HBO's business relations in connection with authorized promotional activities related to the "Sex and the City" movie.

## PARTIES

3. HBO is a corporation duly organized and existing under the laws of the State of Delaware with its principal place of business in New York, New York.

4. Defendants John and Jane Doe Nos. 1 through 6 and XYZ Company Nos. 1 through 6 (hereinafter "Defendants") are persons, corporations, limited liability companies, partnerships, trusts and other entities currently unknown to HBO that participated in or improperly received the benefits of (a) the use of forged stationery depicting HBO's trademarks, (b) the passing off of Defendants' unauthorized promotions as if they were official movie premiere events, and (c) the impersonation of HBO lawyers and officers in order to issue phony "cease and desist" letters and email communications to businesses engaged in authorized activities in connection with the "Sex and the City" movie premiere. Upon information and belief, Defendants knew that their activities would cause harm in New York.

## JURISDICTION

5. This Court has original subject matter jurisdiction over HBO's claims under 15 U.S.C. § 1121 and under 28 U.S.C. §§ 1331, 1338(a), 1338(b), and 1367.

## FACTS COMMON TO ALL CLAIMS

6. HBO is a premium cable television programmer. For many years, HBO has produced some of television's most renowned programming. The "HBO" and "Home Box Office" marks are famous and denote unique and high quality television content.

7. HBO registered the trademark and trade name of "HBO" with the U.S. Patent and Trademark Office, and is the owner of the trademark and trade name with Registration Nos. 2149174 and 2815278.

8. HBO registered the trademark and trade name of "Home Box Office" with the U.S. Patent and Trademark Office, and is the owner of the trademark and trade name with Registration Nos. 1307806, 1018960 and 1748977.

9. HBO registered the HBO logo with the U.S. Patent and Trademark Office, and is the owner of the logo with Registration Nos. 2775329, 2837948, 1020101, 1131313 and 1312132.

10. HBO registered the trademark and trade name of the "Sex and the City" television series with the U.S. Patent and Trademark Office, and is the owner of the trademark and trade name with Registration Nos. 2795365, 2684450, 2650397, 3356439, 3426961 and 2513906.

11. HBO has used these registered trademarks, trade names and logo continuously and without interruption to identify and promote its products and programs and to distinguish them from those offered by others.

12. Beginning in 1996, HBO developed, produced, aired, and distributed the acclaimed cable television series "Sex and the City." On May 30, 2008, HBO's sister company, New Line Cinema, released a movie that is based on the series and that is also called "Sex and the City."

13. New Line Cinema licensed various activities in connection with the "Sex and the City" movie premiere, including promotions sponsored by various consumer products such as Skyy Vodka, Vitamin Water, and Bacardi beverages, and promotional events such as those at Vox Populi and Felt Boston, in Boston, Massachusetts. Some of these authorized promotional activities were developed with a company called Regan Communications.

## **FORGED HBO LEGAL NOTICES**

14. On May 15, 2008, Defendants caused a forged letter on what purported to be HBO legal department stationery bearing HBO's registered trademarks to be sent by facsimile transmission from a third-party office services provider to Vox Populi. The letter claims that HBO is aware that Vox Populi has planned a Sex and the City movie premiere party and alleges copyright and trademark infringement which may entitle HBO to injunctive relief and substantial damages. The letter also purports to give notice that "HBO hereby demands that you (1) cease and desist the promotion and planning of the Sex and the City Movie Premiere Party at Vox Populi, (2) inform your employees and agents that your event has been canceled, and (3) refrain from reproducing any copyrighted or trademarked materials related to the Sex and the City movie and television show."

15. On May 15, 2008, Defendants caused a forged letter bearing HBO's trademarks to be sent by facsimile transmission to the Petit Robert Bistro in Boston. The letter claims that HBO is aware "that Petit Robert Bistro has been actively planning and promoting a Sex and the City Movie Premiere Party, to be hosted at Petit Robert Bistro on May 30, 2008." The letter also purports to give notice that "HBO and New Line [C]inema has [sic] only sanctioned one event in Boston to celebrate the release of the Sex and the City movie, which will occur at another location on Friday, May 30, 2008." The forged letter also includes a demand to "cease and desist" and requires that the Petit Robert Bistro event be canceled.

16. On May 16, 2008, Defendants caused a forged letter bearing HBO's trademarks to be sent by courier to Alison Barnard at the Twilight boutique clothing store on Fleet Street in Boston. The letter claims that HBO is aware that Twilight has advertised it "will host an official 'Sex and the City party' (see http://www.bostonmagazine.com) on May 22, 2008." The letter

also purports that Twilight "is one of several establishments that have been put on notice that HBO and New Line Cinema have only sanctioned one event in Boston to celebrate the movie release, and that event will occur at another venue on Friday, May 30, 2008." The letter also purports to demand that Twilight "cease and desist" and that Twilight inform its employees and clientele that the event has been canceled.

17. On May 16, 2008, Defendants caused a forged letter bearing HBO's trademarks to be sent by courier to Leslie Carvahlo and Alison Levangie at the Casa di Stile boutique clothing store on Hanover Street in Boston. The letter claims that HBO is aware of a "'Sex and the City Movie Premiere Party' (*see* http://citysquares.com/boston/events/100) to be hosted at Casa di Stile on Thursday, May 29, 2008." The letter likewise warns Casa di Stile that it "is one of several establishments that have been put on notice that HBO and New Line Cinema have only sanctioned one event in Boston to celebrate the movie release, and that event will occur at another venue on Friday, May 30, 2008." The letter also purports to demand that Casa di Stile "cease and desist" and that Casa di Stile's clientele be told that the event has been canceled.

18. On information and belief, Defendants caused a forged letter on HBO legal department stationery bearing HBO's trademarks, much like the letters described in the paragraphs above, to be sent to McFadden's Restaurant and Saloon in Boston in the week before May 23, 2008.

19. On May 21, 2008, a forged electronic mail ("email") message with a subject line of "cease and desist letter—Max Buccini's 'Official Sex and the City Boston Release Party at Vox Populi'" was purportedly sent in the name of Harold Akselrad (HBO's Co-President and General Counsel) to Max Buccini at Regan Communications. The email address of the sender

was "Harold 'Hal' Akselrad [halakselrad@gmail.com]." A forged HBO cease and desist letter was attached. The text of the imposter email stated:

> "In ten (10) hours the attached photocopy of a cease and desist letter will arrive by facsimile and courier on the desk of your employer, Regan Communications. If you do not cease and desist with the unauthorized promotion and planning of your so-called 'Official Sex and the City Boston Release Party at Vox Populi,' immediate legal action will be taken against you and your employer."

The email closed with "Best Regards, Harold "Hal" Akselrad, Esq." In fact, the email was not sent or authorized to be sent by Harold Akselrad.

20.  As promised, on May 22, 2008, Defendants caused the forged HBO cease and desist letter bearing HBO's trademarks to be sent by facsimile to Max Buccini at Regan Communications. The letter claims that HBO is aware "that you are actively planning and promoting a 'Sex and the City Movie Release Party' (*see* http://boston.going.com) to be hosted later this evening at Vox Populi." The letter also purports to put Regan Communications and Vox Populi "on notice that HBO and New Line Cinema have only sanctioned one event in Boston to celebrate the movie release, and that event will occur at another venue on Friday, May 30, 2008." The letter also demands that the May 22, 2008 'Sex and the City Movie Release Party' at Vox Populi be canceled.

21.  Defendants caused a forged letter bearing HBO's trademarks and dated May 16, 2008, to be sent by facsimile on May 22, 2008, to Felt Boston. The letter claims that HBO is aware "that Felt is actively planning and promoting a 'Sex and the City Screening Afterparty' (*see* www.feltboston.com) to be hosted at Felt on Thursday, May 29, 2008." The letter also

purports that Felt Boston "is one of several entertainment venues that has been put on notice that HBO and New Line Cinema has [sic] only sanctioned one event in Boston to celebrate the release of the Sex and the City movie, which will occur at another venue on Friday, May 30, 2008." The letter also contains the "cease and desist" language of the other letters and demands that the May 29, 2008 "Sex and the City Screening Afterparty" be canceled.

22. All the letters described in the paragraphs above were under the forged signature of Ole Lyngklip, Vice President and Senior Counsel of HBO. In reality, the signature is not that of Mr. Lyngklip, and was not made at his direction. Neither Mr. Lyngklip, nor anyone else at HBO, authorized the sending of these letters.

23. On information and belief, Defendants caused other forged letters bearing HBO's trademarks, much like the letters described in the paragraphs above, to be sent to other businesses in connection with promotions and events related to the Sex and the City movie.

24. On information and belief, Defendants caused additional forged email messages with a subject line of "cease and desist letter" to be sent under the name of Harold Akselrad to other businesses in connection with promotions and events related to the Sex and the City movie.

25. The above described letters and email communications (collectively "the Forged Communications") improperly used HBO's trademarks to create the false impression that HBO was threatening legal action against certain businesses that were in fact properly licensed and authorized to sponsor promotional events related to the Sex and the City movie.

26. The Forged Communications improperly used HBO's trademarks to create the false impression that there was only one sanctioned event in Boston that would take place on

May 30, 2008 and that this event originated with or was authorized by HBO in connection with the Sex and the City movie.

27. The Forged Communications were false designations intended to cause confusion and to deceive the recipients into believing that the senders had an affiliation with HBO.

28. The Forged Communications were false and misleading descriptions of fact as to the origin, sponsorship and approval by HBO of actions meant to sabotage the efforts of certain businesses that were in fact properly licensed and authorized to sponsor promotional events related to the Sex and the City movie.

29. The Forged Communications were deceptive commercial practices that falsely suggested that HBO had reneged in some way in the licensing and authorization of promotional events related to the Sex and the City movie, and thereby tarnished HBO's business reputation.

**COUNT I**

**VIOLATION OF THE LANHAM ACT – TRADEMARK INFRINGEMENT**

30. HBO repeats the allegations of paragraphs 1 through 29 hereof, as if fully set forth herein.

31. HBO's registered trademarks are used in commerce and are entitled to full protection under the Lanham Act.

32. Defendants' purpose and intent in using HBO's trademarks was and is to deceive.

33. Defendants' repeated appropriation of HBO's trademarks without HBO's consent through the Forged Communications is willful and deliberate infringement pursuant to Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

34. On information and belief, unless Defendants are enjoined by this Court, Defendants will continue to commit the infringing acts alleged above with full knowledge of HBO's protected trademarks and with an intentional disregard of HBO's rights.

35. HBO has no adequate remedy at law and has suffered irreparable damage as a result of Defendants' acts.

36. HBO has not previously requested the injunctive relief requested herein.

37. HBO is entitled to injunctive relief pursuant to 15 U.S.C. § 1116, to enjoin and restrain Defendants from committing infringing acts and causing further irreparable harm to HBO.

38. Defendants are also liable to HBO for all profits and damages resulting from Defendants' infringing activities as well as additional penalties and costs for this willful and deliberate infringement pursuant to 15 U.S.C. § 1117.

### COUNT II

### VIOLATION OF THE LANHAM ACT – FALSE DESIGNATION OF AFFILIATION

39. HBO repeats the allegations of paragraphs 1 through 38 hereof, as if fully set forth herein.

40. The Forged Communications improperly used HBO's trademarks to falsely designate Defendants' May 30, 2008 event as one that originated with or was licensed by HBO in connection with the Sex and the City movie.

41. Defendants use of the Forged Communications with HBO's trademarks were false designations intended to cause confusion and deceive recipients into believing that the senders

had an affiliation with HBO or that Defendants' events had the sponsorship and approval of HBO.

42. The Forged Communications falsely suggested that HBO had reneged in some way in the licensing and authorization of promotional events related to the Sex and the City movie, and thereby tarnished HBO's business reputation.

43. Defendants' willful and deliberate use of false designations as to the origin, sponsorship and approval of their events violated Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

44. HBO is entitled to injunctive relief pursuant to 15 U.S.C. § 1116, to enjoin and restrain Defendants from further false designations of affiliation with HBO.

45. Defendants are also liable to HBO for all profits and damages resulting from Defendants' false designations as to origin, sponsorship and approval as well as additional penalties and costs for such willful and deliberate violations pursuant to 15 U.S.C. § 1117.

## COUNT III

### VIOLATION OF THE LANHAM ACT – UNFAIR COMPETITION

46. HBO repeats the allegations of paragraphs 1 through 45 hereof, as if fully set forth herein.

47. Defendants' Forged Communications contained false statements and misrepresentations of fact to the effect that certain duly licensed and authorized promotional events were infringing on HBO's trademarks.

48. Defendants' willful and deliberate use of these false statements and misleading representations constitute separate acts of unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

49. HBO is entitled to injunctive relief pursuant to 15 U.S.C. § 1116, to enjoin and restrain Defendants from further acts of unfair competition.

50. Defendants are also liable to HBO for all profits and damages resulting from Defendants' acts of unfair competition as well as additional penalties and costs for such willful and deliberate violations pursuant to 15 U.S.C. § 1117.

## COUNT IV

## VIOLATION OF COMMON LAW PROSCRIPTION OF UNFAIR COMPETITION

51. HBO repeats the allegations of paragraphs 1 through 50 hereof, as if fully set forth herein.

52. Defendants' trademark infringement, false designations of affiliation, Forged Communications, impersonation of HBO lawyers and officers in order to issue phony legal notices, and use of false statements and misleading representations were intentional and willful violations of the common law proscription of unfair competition.

53. HBO is entitled to damages and disgorgement of any unjust enrichment of the Defendants through such unfair competition.

- 12 -

## COUNT V

## TORTIOUS INTERFERENCE WITH BUSINESS RELATIONS

54.  HBO repeats the allegations of paragraphs 1 through 53 hereof, as if fully set forth herein.

55.  Defendants intentionally interfered with HBO's business or economic relations with others by the dishonest, unfair and improper means described above.

56.  Defendants' misconduct led to third-parties questioning the integrity, business practices and trustworthiness of HBO.

57.  Defendants harmed HBO by tarnishing its reputation, impugning HBO's business integrity, and diminishing the value of future licensing and other promotional activities related to HBO programming.

58.  Defendants' repeated impersonations of HBO lawyers to issue forged legal notices were willful and intentional acts in manifest bad faith.

59.  HBO is entitled to compensatory and punitive damages from Defendants for such outrageous and egregious misconduct.

- 13 -

## PRAYER FOR RELIEF

WHEREFORE, plaintiff HBO requests that Defendants be cited to appear and answer, and that the Court enter the following relief:

A.  That the Court, upon hearing, enter a preliminary injunction, and, after trial, enter a permanent injunction ordering that Defendants, their agents, employees, and all persons in privity or acting in concert with them be enjoined and restrained during the pendency of this action and permanently thereafter:

(i)  From using any HBO trademarks or trade names (HBO, Home Box Office, the HBO logo, and Sex and the City) to falsely represent that the activities of Defendants are sponsored by, authorized by, or in any way related associated with HBO;

(ii)  From impersonating lawyers or officers of HBO or issuing any communications whatsoever that suggest an association or connection with HBO;

(iii)  From falsely representing that they are connected with HBO or sponsored by or associated with HBO, or engaging in any act which is likely to cause businesses or the public to believe that the Defendants are in any way associated with HBO;

(iv)  From using any reproduction, counterfeit, copy or imitation of HBO's trademarks or trade names in connection with publicity, promotion, sale or advertising of goods and services sold by Defendants; and

(v)  From otherwise infringing HBO's registered trademarks.

B.  That Defendants be required to account to HBO for all profits and damages resulting from Defendants' infringing activities and that the award be increased to include treble damages, attorney's fees and costs as provided in 15 U.S.C. § 1117.

C.  That punitive damages be awarded against Defendants.

D.  That HBO recover from Defendants the costs of this action and prejudgment interest; and

E.  That HBO have all other and further relief as the Court may deem just and proper under the circumstances.

July 7, 2008

Respectfully submitted,

SCHIFF HARDIN LLP
900 Third Avenue
New York, NY 10022
(212) 753-5000

By: _____
Thomas P. Battistoni (TB 8012)
Attorneys for Plaintiff
HOME BOX OFFICE, INC.

NY\50363841.1