UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| HOME BOX OFFICE, INC, <br><br> Plaintiff, <br><br> -against- <br><br> JOHN and JANE DOE, Nos. 1 through 6, and XYZ COMPANY, Nos. 1 through 6, <br><br> Defendants. | 08 CV 6169 (SHS) <br><br> **DECLARATION IN SUPPORT OF MOTION FOR LEAVE TO TAKE <u>IMMEDIATE DISCOVERY</u>** |

THOMAS P. BATTISTONI, declares under penalty of perjury as follows:

1. I am a member of the law firm of Schiff Hardin LLP, attorneys for Plaintiff HOME BOX OFFICE, INC. ("HBO"), which commenced this action on July 7, 2008, for injunctive relief, damages, and punitive damages to remedy violations of the Trade Mark Act of 1946 (the "Lanham Act"), common law unfair and deceptive trade practices, tortious interference with HBO's business relations, and related misconduct perpetrated by Defendants.

2. HBO moves for an Order from this Court for leave to take immediate discovery in connection with its continuing efforts to learn the true identities of the Defendants John and Jane Doe Nos. 1 through 6, and XYZ Company Nos. 1 through 6, who used forged stationery depicting HBO's trademarks to impersonate HBO senior management and counsel through misconduct described in detail in the Complaint herein. These unfair and deceptive trade practices included letters and emails from imposters who threatened legal action by HBO in an attempt to thwart legitimate "Sex and the City" movie premiere events, while promoting unauthorized competing events as if they were the official events related to the "Sex and the City" movie premiere.

3.      HBO diligently has continued its investigation, developed additional information and leads, and issued subpoenas to various third-parties to learn the true identities of the Defendants John and Jane Doe Nos. 1 through 6 and XYZ Company Nos. 1 through 6. Subpoenas were served on the following entities in the last several weeks:

| Third Party | Service Date | Place of Service of Subpoena |
|---|---|---|
| Google | 7/9/08 | Mountain View California |
| McFadden's Bar | 7/10/08 | Boston |
| Underbar | 7/10/08 | Boston |
| FedEx Kinko's | 7/11/08 | Boston |
| FedEx Kinko's | 7/15/08 | Houston |
| Comcast | 7/16/08 | Mt. Laurel, NJ |
| Comcast | 7/16/08 | South Boston, MA |
| Veroxity | 7/16/08 | Bedford, MA |

**HBO'S NEED FOR AN ORDER FOR IMMEDIATE DISCOVERY**

4.      On July 16, 2008, HBO served a subpoena on Comcast seeking the identity of the individual(s) or entity to whom the Internet Protocol ("IP") address of 76.118.97.55 was assigned on May 21, May 22, and May 23, 2008, including but not limited to use of that IP address on May 22, 2008, at 3.22.51 a.m. GMT. HBO has concluded that learning the identity of this person will advance this case because HBO independently has developed evidence that this IP address was used to commit certain unfair and deceptive trade practices described in the Complaint.

5. In response to the Subpoena served on Comcast, Comcast has informed HBO that it would provide the requested information if HBO would agree to various conditions and notice provisions, and treat the request as if it were governed by Section 631 of the Cable Communications Policy Act of 1984, 47 U.S.C. § 551.

6. Specifically, Comcast requested that such discovery be subject to this Court's Order with the following conditions: "(a) Comcast having seven (7) calendar days after service of this Order and subpoena to notify subscribers that their identity is sought by Plaintiffs; (b) each subscriber whose identity is sought having twenty one (21) calendar days from the date of such Comcast notice to file any papers contesting the subpoena; and (c) payment to Comcast by Plaintiffs of all reasonable costs of: (i) compiling the requested information; (ii) providing pre-disclosure notifications to subscribers; and (iii) all other reasonable costs and fees incurred responding to discovery." Comcast further requested that any information disclosed to HBO in response to the subpoena be used solely for the purpose of protecting HBO's rights in connection with its claims under the Trade Mark Act of 1946 (the "Lanham Act"), common law unfair and deceptive trade practices, tortious interference with HBO's business relations, and related misconduct as enumerated in the Complaint.

7. Although HBO believes that the July 16, 2008 subpoena to Comcast was fully enforceable, timely, and properly served, HBO has acceded to Comcast's conditions solely to expedite this discovery and learn the identity of the undisclosed Defendants who used the specified Internet Protocol address to commit certain unfair and deceptive trade practices described in the Complaint. HBO's concurrence with Comcast here is without prejudice to or waiver of any of HBO's rights and interests, all of which are expressly preserved and retained.

8.  HBO respectfully moves this Court to enter the attached Order Granting HBO's Motion For Leave To Take Immediate Discovery, which contains all of the safeguards, notice provisions and conditions requested by Comcast. A copy of the subpoena that HBO requests leave to serve on Comcast is attached hereto as Exhibit 1.

WHEREFORE, plaintiff HBO respectfully requests: (1) that this Court enter the Order Granting HBO's Motion For Leave To Take Immediate Discovery in the form attached hereto so that HBO can learn the identity of the undisclosed Defendants who used the specified Internet Protocol address to commit certain unfair and deceptive trade practices described in the Complaint and serve them in this action; and (2) that this Court grant HBO all other and further relief as the Court may deem just and proper under the circumstances.

August 27, 2008

Respectfully submitted,

_____
Thomas P. Battistoni (TB 8012)

NY\50400332.1

# EXHIBIT 1

AO88 (Rev. 12/06) Subpoena in a Civil Case

# Issued by the
# UNITED STATES DISTRICT COURT

SOUTHERN _____ DISTRICT OF _____ NEW YORK

Home Box Office, Inc.

V.

John and Jane Does. Nos. 1 through 6, and XYZ Company, Nos. 1 through 6

**SUBPOENA IN A CIVIL CASE**

Case Number:[1]

**08 CV 6169 (SHS)**
**(Pending in the Southern District of New York)**

TO: Comcast, National Engineering and Technical Operations
650 Centerton Road
Moorestown, NJ 08057

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
|  |  |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Schedule A annexed hereto and made a part hereof

| PLACE  Schiff Hardin LLP  900 Third Avenue, 23rd Fl., NY, NY  10022 | DATE AND TIME  per Court Order |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| /s/ Thomas P. Battistoni | 8/27/2008 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Thomas P. Battistoni, Esq.   212-753-5000
Schiff Hardin LLP, 900 Third Avenue, 23rd Fl., NY, NY  10022

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d) and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number

AO88 (Rev. 12/06) Subpoena in a Civil Case

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____          _____
                      DATE                                         SIGNATURE OF SERVER

                                                                   _____
                                                                   ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.
(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.
(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.
(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.
(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;
(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) If a subpoena
(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.
(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.
(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.
(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.
(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.
(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

## **Schedule A**

All documents (in all formats, including electronically stored information or memorialized by any other means) and communications (in all formats, including facsimile transmittals, e-mail and text messages, and any metadata relating to such communications) relating to the identity and conduct of the individual(s) or entity to whom the IP address of 76.118.97.55 was assigned on May 21, May 22, and May 23, 2008, including but not limited to use of that IP address on May 22, 2008, at 3.22.51 a.m. GMT.

This request also includes, but is not limited to: all residential, business, email and other addresses; any names, pseudonyms, aliases, or other screennames used by the subject; any billing and payment information, including payments made by bank and credit card accounts; and any other identifying information in your possession or in electronically stored files.

[Comcast]

NY\50369792.1